IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHNNIE BLUE,
DOC # 077160,

    Plaintiff,

vs.                                              Case No. 4:23cv312-WS-MAF

OFFICER WESTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this civil rights case on July 17, 2023, by submitting a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion was insufficient as filed, however, because it was not supported with a copy of Plaintiff's inmate bank account statement showing the six month period of time as required by 28 U.S.C. § 1915(a)(2). Plaintiff was directed to file an amended in forma pauperis motion by August 21, 2023. ECF No. 4.

    When Plaintiff failed to comply with that Order, a Report and Recommendation was entered on September 1st, recommending dismissal

for failure to comply with a Court Order and failure to prosecute. ECF No. 5. Nearly a month later, on September 26th, Plaintiff filed a signed Prisoner Consent Form and a partial statement for the month of August 2023. ECF No. 6. Doing so demonstrated that Plaintiff had not abandoned this litigation, so the Report and Recommendation was vacated and Plaintiff was given another opportunity to provided a copy of his Trust Fund Account Statement as required. ECF No. 7. Plaintiff was given until **October 30, 2023**, to comply with that Order, and he was warned that failure to comply would "result in entry of a recommendation to dismiss this case." *Id.* As of this date, nothing further has been received from Plaintiff and it appears he has abandoned this litigation. Once again, it is recommended that this case be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned, given multiple opportunities to comply, but he has still failed to prosecute this case.  Dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2023.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**